UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
SIVARAMAKRISHNAN S. NAIR, M.D., : CASE NO. 1:07-CV-1209
:
        Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 94]
EMH REGIONAL MEDICAL CENTER, :
ET AL., :
:
        Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court is a motion filed by Plaintiff Sivaramakrishnan S. Nair ("Nair") for the removal of the protective order entered in this case. [Doc. 94.] The Defendants oppose the motion. [Doc. 109.] For the reasons set forth below, this Court **GRANTS** the Plaintiff's motion and vacates the protective order entered by Magistrate Hemann on September 28, 2007. [Doc. 50.]

I. Background

On September 5, 2007, Plaintiff Nair filed a motion to compel discovery, alleging that the Defendants had failed to produce documents identified in their initial disclosures. [Doc. 40.] The Defendants opposed the motion and argued that the requested materials should be protected under a peer review privilege recognized by state law. [Doc. 46.] Alternatively, the Defendants asked that the Court grant a protective order limiting the use of any peer review-related materials to the instant case and requiring that any documents produced as exhibits be filed under seal. [Doc. 47.]

On September 28, 2007, Magistrate Judge Patricia Hemann concluded that the state medical peer review privilege should not be recognized in this federal court and thus granted the Plaintiff's

-1-

Case No. 1:07-CV-1209
Gwin, J.

motion to compel discovery. [Doc. 50.] The Magistrate also granted the Defendants' motion for a protective order limiting the Plaintiff's use of the requested documents to the instant case alone and permitting the documents to be filed under seal. *Id*. This order was entered before Defendant EMH actually produced the documents and thus prior to any Court review of the allegedly confidential documents.

On November 16, 2007, the Plaintiff submitted documents subject to the protective order for *in camera* inspection by this Court. The Plaintiff also filed the present motion, asking the Court to release the documents from the protective order. [Doc. 94.] The Plaintiffs argue that the documents do not contain any privileged or confidential information, that the Defendants have waived any privilege by failing to contest the Plaintiff's production of such evidence in his state court case, and that the Defendants have no legitimate interest in restricting the use of the documents to the present case. *Id*. The Defendants oppose the motion, arguing that they have not waived the peer review privilege or any confidentiality protections and that the Plaintiff's request to lift the protective order is "unreasonable and illogical." [Doc. 109.]

## II. Discussion

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. FED. R. CIV. P. 26(b)(1). However, a trial court is vested with the authority to limit pretrial discovery and upon a showing of good cause "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c). The decision to grant a motion for a protective order is within the sound discretion of a trial court. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). In making such a determination, the court is

Case No. 1:07-CV-1209
Gwin, J.

to balance the competing interests at issue and to compare the hardship on the parties if the motion is either granted or denied. *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 726 F.2d 1150, 1159 (7th Cir. 1984), *rev'd on other grounds*, 470 U.S. 373 (1985). The movant bears the burden to demonstrate that this balancing of hardships weighs in its favor. *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001).

Furthermore, when deciding whether to grant a protective order, the court must remain cognizant that public access to court documents is a fundamental feature of the American judicial system. *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm.*, 710 F.2d 1165, 1177 (6th Cir. 1983). Unwarranted secrecy of court documents precludes the public's right to act as an important check on the judicial system's integrity. *Id.* at 1179. For this reason, a presumption in favor of public access to judicial records exists. *See*, *e.g.*, *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984).

In *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001), the court observed that in order to have confidential information in a court record kept under seal, the movant must make a specific showing that "disclosure of the information will result in some sort of serious competitive or financial harm." *Id.* This Court agrees that a showing of substantial personal or financial harm is required to justify an order sealing any documents in its file.

This Court is a public forum, not a private dispute resolution service. Despite this, the Defendants have asked the Court for blanket authority to designate documents as "confidential" and file them under seal. The Defendants, however, do not sufficiently demonstrate that this case warrants such a broad order. The Defendants have failed to show that serious financial or personal harm will result from the public disclosure of the information. After reviewing the protected

-3-

Case No. 1:07-CV-1209
Gwin, J.

materials, this Court agrees with the Plaintiff that the documents do not contain privileged or confidential information. Accordingly, the Court finds it unnecessary to resolve the issue of whether the confidentiality designation has been waived by the Plaintiff's production of such documents in his state court case. This Court finds that the protective order unfairly prejudices the Plaintiff and that the disclosure of the information will not likely result in serious harm to the Defendants.

Of course, the parties are free to enter into a private confidentiality agreement with respect to disclosure of documents and information. Nor does this Court intend to prevent any of the parties from moving to seal an individual document in the file, provided that they make the required particularized showing. At the present time, however, the Defendants have not sufficiently shown the need for the protective order to remain in place.

### III. Conclusion

Accordingly, this Court **GRANTS** the Plaintiff's motion for removal of the confidentiality designation and thereby releases the documents that were submitted for *in camera* inspection from the restrictions and order of confidentiality. The protective order entered by this Court on September 28, 2007 is therefore lifted. Plaintiff Nair is no longer limited to using the documents previously subject to the protective order in the present case alone and the parties are no longer permitted to file those documents under seal.

IT IS SO ORDERED.

Dated: December 11, 2007     s/ *James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE